ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 15 2006

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CATCH CURVE, INC.,

Plaintiff,

v.

INTEGRATED GLOBAL CONCEPTS, INC. and MEIXLER TECHNOLOGIES, INC.,

Defendants.

Civil Action File No. 1 06 CV 2199

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Catch Curve, Inc. ("Catch Curve") states its Complaint against Integrated Global Concepts, Inc. ("IGC") and Meixler Technologies, Inc. ("Meixler) (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§1391(b) and (c).

## PARTIES

4. Plaintiff Catch Curve is a Delaware corporation with its principal place of business in Atlanta, Georgia.

5. Catch Curve is the owner, by assignment, of all right, title, and interest in and to the following United States Patents, including the right to bring suit for patent infringement: United States Patent No. 4,994,926 ("the '926 patent"); United States Patent No. 5,291,302 ("the '302 patent"); United States Patent No. 5,459,584 ("the '584 patent"); United States Patent No. 6,643,034 ("the '034 patent"); and United States Patent No. 6,785,021 ("the '021 patent").

6. Upon information and belief, Defendant IGC is an Illinois corporation with its principal place of business in Illinois.

7. Upon information and belief, Defendant IGC regularly and continuously conducts business within the State of Georgia and within this judicial district and division.

8. Upon information and belief, this Court has personal jurisdiction over Defendant IGC for at least the reasons that Defendant IGC sells significant quantities of services that infringe the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent to subscribers in Georgia and in this district and division; maintains a website at www.MaxEmail.com that is accessible in

Georgia and in this district and division; processes numerous facsimile and electronic mail transmissions on behalf of senders and recipients located in Georgia and in this district and division; derives significant revenues from subscribers located in this district and division; and allows subscribers to select to have the services provided under the service mark MaxEmail assign telephone numbers in the 404, 678 and 770 area codes, which area codes service individuals in this district and division.

9. Upon information and belief, Defendant Meixler is a Pennsylvania corporation with its principal place of business in Pennsylvania.

10. Upon information and belief, Defendant Meixler regularly and continuously conducts business within the State of Georgia and within this judicial district and division.

11. Upon information and belief, this Court has personal jurisdiction over Defendant Meixler for at least the reasons that Defendant Meixler sells significant quantities of services that infringe the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent to subscribers in Georgia and in this district and division; maintains a website at www.GreenFax.com that is accessible in Georgia and in this district and division; processes numerous facsimile and electronic mail transmissions on behalf of senders and recipients located in

Georgia and in this district and division; derives significant revenues from subscribers located in this district and division, including but not limited to Georgia Power Company; and allows subscribers to select to have the services provided under the service mark GreenFax assign telephone numbers in the 404, 678 and 770 area codes, which area codes service individuals in this district and division.

12. Upon information and belief, Defendant Meixler is a reseller of the services provided by Defendant IGC.

## THE CONTROVERSY

13. Catch Curve is the owner of the '926 patent, the '302 patent, the '584 patent, the '034 patent, and the '021 patent.

14. Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '926 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

15. Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that

constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '302 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

16. Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '584 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

17. Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to infringe one or more claims of Catch Curve's '034 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

18. Defendants have in the past and continue to make, have made, offer for sale, sell, and/or use one or more products, services, and/or processes that constitute direct infringement, contributory infringement, and/or inducement to

infringe one or more claims of Catch Curve's '021 patent in violation of 35 U.S.C. § 271, including, but not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

**COUNT ONE:**
**INFRINGEMENT OF U.S. PATENT NO. 4,994,926**

19. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendants have in the past and continue to engage in the manufacture, use, sale, and/or offer for sale of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '926 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, and/or offered for sale by Defendants include, but are not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

21. Catch Curve informed Defendant IGC of the '926 patent and the activity that is believed to be an infringement of the '926 patent, accompanied by a proposal to abate the infringement by license, at least as early as February 19, 2003.

22. Catch Curve informed Defendant Meixler of the '926 patent and the activity that is believed to infringe the '926 patent, accompanied by a proposal to abate the infringement by license, at least as early as December 6, 2005.

23. The Defendants' infringement of Catch Curve's '926 patent has been, and continues to be, willful.

24. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendants' infringement of Catch Curve's '926 patent, and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Catch Curve has no adequate remedy at law.

25. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendants' infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## COUNT TWO:
## INFRINGEMENT OF U.S. PATENT NO. 5,291,302

26. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Defendants have in the past and continue to engage in the manufacture, use, sale, and/or offer for sale of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '302 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, and/or offered for sale by Defendants include, but are not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

28. Catch Curve informed Defendant IGC of the '302 patent and the activity that is believed to be an infringement of the '302 patent, accompanied by a proposal to abate the infringement by license, at least as early as February 19, 2003.

29. Catch Curve informed Defendant Meixler of the '302 patent and the activity that is believed to infringe the '302 patent, accompanied by a proposal to abate the infringement by license, at least as early as December 6, 2005.

30. The Defendants' infringement of Catch Curve's '302 patent has been, and continues to be, willful.

31. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendants' infringement of Catch Curve's '302 patent, and will suffer additional and irreparable damages unless Defendants are permanently

enjoined by this Court from continuing their infringement. Catch Curve has no adequate remedy at law.

32. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendants' infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

**COUNT THREE:**
**<u>INFRINGEMENT OF U.S. PATENT NO. 5,459,584</u>**

33. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Defendants have in the past and continue to engage in the manufacture, use, sale, and/or offer for sale of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '584 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, and/or offered for sale by Defendants include, but are not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

35. Catch Curve informed Defendant IGC of the '584 patent and the activity that is believed to be an infringement of the '584 patent, accompanied by a proposal to abate the infringement by license, at least as early as February 19, 2003.

36. Catch Curve informed Defendant Meixler of the '584 patent and the activity that is believed to infringe the '584 patent, accompanied by a proposal to abate the infringement by license, at least as early as December 6, 2005.

37. The Defendants' infringement of Catch Curve's '584 patent has been, and continues to be, willful.

38. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendants' infringement of Catch Curve's '584 patent, and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Catch Curve has no adequate remedy at law.

39. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendants' infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

**COUNT FOUR:**
**INFRINGEMENT OF U.S. PATENT NO. 6,643,034**

40. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Defendants have in the past and continue to engage in the manufacture, use, sale, and/or offer for sale of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '034 patent, in violation of 35 U.S.C. § 271. The infringing products, services, and/or processes manufactured, used, sold, and/or offered for sale by Defendants include, but are not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

42. Catch Curve provided actual notice to Defendant IGC of its infringement of the '034 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

43. Catch Curve provided actual notice to Defendant Meixler of its infringement of the '034 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

44. The Defendants are willfully infringing Catch Curve's '034 patent.

45. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendants' infringement of Catch Curve's '034 patent, and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Catch Curve has no adequate remedy at law.

46. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendants' infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

**COUNT FIVE:**
**INFRINGEMENT OF U.S. PATENT NO. 6,785,021**

47. Catch Curve realleges and incorporates herein the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. Defendants have in the past and continue to engage in the manufacture, use, sale, and/or offer for sale of products, services, and/or processes that infringe, directly and/or indirectly, one or more of the claims of Catch Curve's '021 patent, in violation of 35 U.S.C. § 271. The infringing products, services,

and/or processes manufactured, used, sold, and/or offered for sale by Defendants include, but are not necessarily limited to, Defendants' services provided under the service marks MaxEmail and GreenFax.

49. Catch Curve provided actual notice to Defendant IGC of its infringement of the '021 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

50. Catch Curve provided actual notice to Defendant Meixler of its infringement of the '021 patent, as corrected on September 12, 2006, upon the filing of this Complaint.

51. The Defendants are willfully infringing Catch Curve's '021 patent.

52. Catch Curve has and continues to suffer damages as a direct and proximate result of Defendants' infringement of Catch Curve's '021 patent, and will suffer additional and irreparable damages unless Defendants are permanently enjoined by this Court from continuing their infringement. Catch Curve has no adequate remedy at law.

53. Catch Curve is entitled to: (1) damages adequate to compensate it for Defendants' infringement, which amounts to, at a minimum, a reasonable royalty; (2) treble damages; (3) its attorney fees and costs; and (4) a preliminary and permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Catch Curve, Inc. prays that the Court enter judgment in favor of Plaintiff and against Defendants Integrated Global Concepts, Inc. and Meixler Technologies, Inc., as follows:

A. That Defendant IGC be ordered to pay damages adequate to compensate Catch Curve for IGC's infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 284;

B. That Defendant IGC be ordered to pay treble damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285;

C. That Defendant IGC be enjoined from further infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 283;

D. That Defendant IGC be ordered to pay prejudgment interest;

E. That Defendant Meixler be ordered to pay damages adequate to compensate Catch Curve for Meixler's infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States

Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 284;

F. That Defendant Meixler be ordered to pay treble damages and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285;

G. That Defendant Meixler be enjoined from further infringement of Catch Curve's United States Patent No. 4,994,926; United States Patent No. 5,291,302; United States Patent No. 5,459,584; United States Patent No. 6,643,034; and United States Patent No. 6,785,021, pursuant to 35 U.S.C. § 283;

H. That Defendant Meixler be ordered to pay prejudgment interest;

I. That Defendants IGC and Meixler be ordered to pay all costs associated with this action; and

J. That Catch Curve be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Catch Curve, Inc. demands a trial by jury of all issues triable of right by a jury.

This 15th day of September, 2006

Scott A. Horstemeyer
Georgia State Bar No. 367836
Dan R. Gresham
Georgia State Bar No. 310280
**THOMAS, KAYDEN, HORSTEMEYER & RISLEY, L.L.P.**
100 Galleria Parkway
Suite 1750
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Plaintiff, Catch Curve, Inc.