# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CATCH CURVE, INC.,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE NO. |
| : | 1:06-CV-2199-AT/AJB |
| v. : | |
| : | |
| **INTEGRATED GLOBAL** : | |
| **CONCEPTS, INC.** : | [Magistrate Judge Baverman] |
| : | |
| Defendant/Counter-Claimant, : | |
| : | |
| v. : | |
| : | |
| **CATCH CURVE, INC.;** : | |
| **J2 GLOBAL COMMUNICATIONS,** : | |
| **INC,; AUDIOFAX, INC.;** : | |
| **AUDIOFAX IP LLC; IPAC LLC,** : | |
| : | |
| Counter-Defendants. : | |

## SUPPLEMENTAL MEDIATION CONFERENCE ORDER

A mediation/settlement conference had been scheduled to be held in this case on October 12, 2011, before the undersigned Magistrate Judge. The conference in the above-styled case has been rescheduled for **October 5, 2011, at 9:30 a.m.,** in Courtroom 1875, 18th Floor, United States Courthouse, Atlanta, Georgia for said conference.

AO 72A
(Rev.8/82)

All parties **SHALL** submit a **BRIEF** informal confidential *ex parte* memorandum to the undersigned no later than **12:00 p.m. on September 28, 2011,** Notice of submission to the Court shall be given to opposing counsel, without divulging the contents of the submission. The memoranda **SHALL NOT** be filed with the Clerk of Court. A party's submission **SHALL** contain the following information: a **concise**, factual, non-argumentative recitation of the evidence the party expects to produce at trial, together with the theory of recovery or defense; an analysis of the strengths and weaknesses of the case; an outline of the settlement negotiations to date; and what, if any, impediments exist that inhibit settlement of the case. A party's submission shall further avoid inclusion of any generalized recitation of "historical" litigation disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party. In their confidential memoranda, the parties need not reproduce or attach any pleading or document publicly filed with the Clerk. Any party may submit their memorandum within the time provided in this Order by facsimile at 404/215-1339, or by e-mail (preferred) directly to the undersigned at alan_j_baverman@gand.uscourts.gov.

Mediation conferences are often unproductive unless the parties have exchanged demands and offers before the conference and have made a serious effort to settle the

case on their own. Before arriving at the conference, the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court. To that end, no later than **28 days** before the confidential memorandum described above is to be submitted to the undersigned, Plaintiff **SHALL** deliver to Defendant a written itemization of damages and a settlement demand. No later than **21 days** before the confidential memorandum described above is to be submitted to the undersigned, Defendant/Counter-Claimant shall respond to Plaintiff's demand with a written settlement offer, *and* deliver to Counter-Defendants a written itemization of damages and a settlement demand. No later than **14 days** before the confidential memorandum described above is to be submitted to the undersigned, Counter-Defendants shall respond to Defendant/Counter-Claimant's demand with a written settlement offer. Specific written counter-proposals shall be exchanged no later than **7 days** before the confidential memorandum described above is to be submitted to the undersigned. The parties shall not copy the Court on these demands/offers/counter-proposals but shall bring them to the conference. If settlement is not achieved before the mediation, the parties shall be prepared to engage in further negotiation at the conference.

At the settlement conference, the parties shall be prepared to make a brief (usually no longer than 10 minutes) presentation of the facts of the case in the presence

3

of the opposing parties, discuss with the undersigned the strongest and weakest points in his/her/its own case, and of that of the opponents, the latest settlement proposals made, and settlement proposals that they would be willing to make in order to conclude the matter and stop the expense, uncertainty, and anxiety of litigation. Separate, confidential caucuses will then be held with counsel for each party and the parties or a party's representative(s).

Every party must have present at the settlement conference a representative with authority to negotiate, approve, and enter into a binding agreement. For a private uninsured party, that means a person with sufficient authority to settle the case in the amount of the opposing party's last offer or demand. An insured party shall appear by a representative of the insurer who is authorized to discuss and make recommendations relating to settlement. An uninsured government party shall appear by a representative authorized to discuss and make recommendations relating to settlement. The Court expects to be advised in advance of the settlement conference if the attendance of any required person is not possible.

The purpose of the conference is to facilitate settlement of this case, if that is possible. To that end, it will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. All matters communicated to the

4

undersigned in confidence will be kept confidential and will not be disclosed to any other party, or to the trial judge.

Let a copy of this Order be served upon counsel for the parties.

**IT IS SO ORDERED,** this 15th day of August, 2011.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**