IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim | ) | |
| Defendant, | ) | |
| | ) | No. 1:06-CV-2199-AT |
| v. | ) | Judge Amy Totenberg |
| | ) | |
| INTEGRATED GLOBAL CONCEPTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant and Counterclaim | ) | |
| Plaintiff. | ) | |
| | ) | |
| ------------------------ | ) | |
| | ) | |
| INTEGRATED GLOBAL CONCEPTS, INC., | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| J2 GLOBAL COMMUNICATIONS, INC., | ) | |
| AUDIOFAX, INC., AUDIOFAX IP LLC, | ) | |
| | ) | |
| Added Counterclaim Defendants. | ) | |
| | ) | |

# j2 GLOBAL COMMUNICATIONS, INC. AND CATCH CURVE, INC.'S
# OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES

Catch Curve, Inc. and j2 Global Communications, Inc. (collectively, "j2") respectfully submit this Opposition to Integrated Global Concepts, Inc.'s ("IGC") Motion to Strike Affirmative Defenses.  (Dkt. 146.)

## **INTRODUCTION**[1]

This Motion serves no purpose other than to further slow down this litigation—which, although discovery has not yet begun, has been pending for over five years—and needlessly increase the cost of litigation.  IGC's decision to bring a make-work pleading motion is all the more puzzling given that IGC claims to be a "small business with limited resources" (Memo. at 3) and its counterclaims are premised on the baseless assertion that it is being competitively harmed by litigation expenses.  In any event, j2's Affirmative Defenses are simple and straightforward, and provide IGC with ample notice of j2's defenses.  Forcing j2 to re-plead them to add additional factual detail, as IGC asks, is not required by the Federal Rules and would do nothing to limit the scope of discovery or otherwise streamline the case.

This is not the first time IGC has claimed to be unable to discern j2's position.  Prior to the settlement conference, IGC wrote to j2 demanding that j2 file

---

[1]     j2 respectfully requests that the Court hold oral argument on this Motion to provide j2 the opportunity to present its position.

its Answer before it was due, because otherwise IGC would not know what claims and facts remain at issue in the case.  But j2 had, at that point, filed two motions to dismiss IGC's Counterclaims in this Court (and a third in the Northern District of Illinois), participated in multiple hearings before this Court regarding IGC's antitrust claims and the lack of merit thereof, and obtained summary judgment of substantially identical claims in the Central District of California.  IGC could not have been in doubt about the aspects of its case that j2 contends are deficient.[2]

        If there were any doubt that this Motion is merely a vehicle to delay this case and increase j2's costs, it is dispelled by a glance at *IGC's* affirmative defenses, which include virtually all of the supposed infirmities of which IGC complains.  IGC argues that failure to state a claim is not a valid affirmative defense because it should be raised via a motion to dismiss (Memo. at 7), but IGC's First Affirmative Defense is that "[t]he Complaint, and each purported claim

---

[2]     IGC's argument, relegated to a footnote, that the Court should strike j2's affirmative defenses as "untimely" is baseless.  (Memo. at 2, n.2.)  IGC claims that j2's Answer was due on September 15, 2011 based on Fed. R. Civ. P. 12(a)(4)(A).  Rule 12(a)(4)(A), however, only applies "if the court denies the [Rule 12] motion or postpones its disposition until trial."  j2's Motion to Dismiss under Rule 12(b)(6) was granted in part, so Rule 12(a)(4)(A) is inapplicable.  Indeed, IGC was given until September 16 to amend its Counterclaim (Dkt. 139), so as of September 15 (when IGC claims the Answer was due), j2 did not even know what pleading to respond to.  j2 timely answered within 14 days of the expiration of IGC's time to amend.  *Cf.* Fed. R. Civ. P. 15(a)(3).  And, if j2's answer was untimely, the proper

for relief therein, fails to state a claim on which relief can be granted." (Dkt. 85 at 7.) IGC argues that simply stating that a claim is barred by laches or the statute of limitations is improperly conclusory (Memo. at 6), but its own Fifth Affirmative Defense is that "[t]he Complaint, and each purported claim for relief therein, is barred by the doctrines of waiver and/or estoppel" and its Sixth Affirmative Defense is that "[t]he Complaint, and each purported claim for relief therein, is barred by the doctrine of laches." (Dkt. 85 at 8.) And IGC argues that defenses which negate elements of the plaintiff's case are improper (Memo. at 7-8), but its Third Affirmative Defense alleges that IGC does not infringe the asserted patents—an element of Catch Curve's case. (Dkt. 85 at 7.)

Granting IGC's Motion would do nothing to narrow this case; it would, however, necessitate another round of pleadings and potentially additional motion practice. After five years, it is time to move on. The Motion should be denied.

remedy would be a motion for default, not a motion to strike j2's affirmative defenses.

## ARGUMENT

## I.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As even the cases cited by IGC recognize, however:

> Motions to strike are generally disfavored because they are often interposed to create a delay.  Indeed, motions to strike can be nothing other than distractions.  If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored.  If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record-such as on a motion for summary judgment.

*Van Schouwen* v. *Connaught Corp.*, 782 F. Supp. 2140, 1245 (N.D. Ill. 1991) (internal citations omitted).  Accordingly, "[m]otions to strike are typically denied 'unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party.'"  *Floyd* v. *SunTrust Banks, Inc.*, 2011 WL 2441744, at *7 (N.D. Ga. June 13, 2011).

Relying on authority from the Seventh Circuit, IGC asserts that affirmative defenses must meet the heightened *Twombly* pleading standard.  (Memo. at 2-3.)  The Eleventh Circuit has not spoken on this issue, but the better-reasoned District Court cases in this Circuit hold that affirmative defenses are not

subject to *Twombly*.  *See, e.g., Floyd*, 2011 WL 2441744, at *7; *Jirau* v. *Camden Dev., Inc.*, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011).

The rationale for treating affirmative defenses differently from complaints is compelling:

> [T]here is a difference between Rule 8(a) of the Federal Rules of Civil Procedures, which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses.  While Rule 8(a)(2) requires a pleading stating a claim for relief to include "a short and plain statement of the claim **showing** that the pleader is entitled to relief," Rules 8(b) and 8(c) only require parties to **state** their defenses.  The Supreme Court, in establishing the heightened standard of *Twombly* and *Iqbal* on pleadings stating a claim for relief, relied heavily on the rule language purporting to require a 'showing' of entitlement to relief, meaning, according to the Supreme Court, that the pleader of a claim for relief must allege sufficient facts to 'show' that the claim is 'plausible.'

*Adams* v. *JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011) (internal citations omitted, emphasis in original).  Thus, "[t]he quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement for affirmative defenses.  *Id.*

Consistent with the differences between the language of Rule 8(a) and Rules 8(b) and (c), "the Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that

he or she is prepared to properly litigate it.'" *Jackson* v. *City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan* v. *USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).  The Eleventh Circuit has even noted that "a defendant may be permitted to raise an affirmative defense at trial that the defendant did not even plead, so long as the plaintiff had notice of the defense." *Adams*, 2011 WL 2938467, at * 3.  "If it is not even required that a defendant plead an affirmative defense (so long as the plaintiff has notice of the defense), it cannot be necessary for a defendant to include factual allegations supporting each affirmative defense." *Id.*

This approach also comports with basic fairness.  "Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury." *Adams*, 2011 WL 2938467, at * 4.  Therefore, "[r]equiring factual pleading of affirmative defenses is likely to accomplish little more than encouraging a flurry of motions to strike affirmative defenses." *Floyd*, 2011 WL 2441744, at *8.

In short, "Rule 8 does not require the defendant to set forth detailed factual allegations [in pleading affirmative defenses].  A defendant must simply

give the plaintiff 'fair notice' of the nature of each defense and the grounds upon which it rests." *Jirau*, 2011 WL 2981818, at *2.  j2 has done so.

## II.   j2's AFFIRMATIVE DEFENSES ARE PROPER

### A.   j2's Pleading Puts IGC on Notice of Its Defenses.

IGC fails to establish that any of j2's affirmative defenses have "no possible relationship to the controversy, may confuse the issue, or otherwise prejudice" IGC. *Floyd*, 2011 WL 2441744, at *7.  On the contrary, each affirmative defense is set forth clearly and directly and provides adequate notice to IGC of the defense.  IGC's assertion that j2 does not plead "a single fact" (Memo. at 5) is simply wrong—most of j2's Affirmative Defenses concisely state the factual basis for the defense.  For example, j2's Second Affirmative Defense alleges that "Catch Curve's patent infringement lawsuits have been brought in good faith, without any knowledge that any of the asserted patents are invalid or unenforceable."  That is a factual allegation that provides notice of j2's contention, and IGC makes no argument that it is legally insufficient.  There is no basis to strike it.

To the extent it is possible to characterize any of j2's Affirmative Defenses as legal conclusions, they are nevertheless proper.  For example, IGC argues that j2 must allege facts supporting its statute of limitations defense (Memo.

at 6), but that defense is identified as a proper affirmative defense in Rule 8(c)(1), and the statement that IGC's claims are barred by the statute of limitations "is sufficient alone to put [IGC] on notice." *Adams*, 2011 WL 2938467, at * 5; *see also Schreiber* v. *Saul Holdings Ltd. P'ship*, 2011 WL 4633974, at *3 (M.D. Fla. Sept. 16, 2011) (recommending denying a motion to strike an affirmative defense which merely states that the claim is barred by the statute of limitations, waiver or laches because "[a]n affirmative defense need not be supported by detailed factual allegations, but it must at least provide fair notice of the nature of the defense and the grounds upon which it rests"), *adopted by Schreiber* v. *Saul Holdings Ltd. P'ship*, 2011 WL 4633879, at *1 (M.D. Fla. Oct. 5, 2011).[3]

**B.**   **j2's Affirmative Defenses Are Proper Even if They Negate the Elements of IGC's Claims.**

When properly viewed under the liberal requirements of Rule 8(c), even if the Court finds that certain of j2's affirmative defenses merely negate an element of IGC's claims, it should not strike those defenses. As discussed above, a motion to strike should not be granted "'unless the matter sought to be admitted

---

[3]    IGC argues that j2's Affirmative Defenses are in a "shotgun" format. (Memo. at 5 n.3.) That is incorrect. j2's defenses are pled clearly and simply, and there is no ambiguity regarding which counts they apply to; indeed, IGC criticizes several of them for attacking elements of its claims. In any event, as the Court has previously ruled with respect to j2's Motion to Dismiss, there is "little to be gained" by requiring j2 to re-plead. (Dkt. 139 at 9.)

has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party.'" *Floyd*, 2011 WL 2441744, at *7.  Otherwise, the whole exercise would be "nothing other than a distraction" or "delay." *Van Schouwen*, 782 F. Supp. at 1245.

Defenses which negate an element of IGC's claims relate directly to this controversy, in no way confuse the issue, and create no prejudice against IGC. Whether stated as affirmative defenses or denials, the underlying facts will still be at issue and subject to discovery.  If anything, such affirmative defenses help focus the issues by "appris[ing] [IGC] of what [j2] will argue, which is all the Eleventh Circuit requires." *Jackson*, 269 F.R.D. at 663.  For the Court to expend resources to parse through each affirmative defense and decide whether it addresses an element of IGC's claims would place form over substance and would merely serve further to delay a litigation that has already been pending for over 5 years, without in any way affecting the scope of the litigation or the rights of either party.  *See Schreiber*, 2011 WL 4633974, at *3 (recommending that affirmative defenses alleging defects in the complaint be treated as denials and not be stricken).

## C.    j2's First Affirmative Defense, Failure to State a Claim, Is Proper.

IGC's argument that j2's First Affirmative Defense, that the Counterclaims fail to state a claim upon which relief may be granted, should be

stricken because IGC's counterclaims survived a motion to dismiss is without

merit.  (Memo. at 7.)  A motion to dismiss is used "to determine whether the

complaint states a claim for relief," and in considering such a motion "the Court

must accept the allegations in the complaint as true and construe them in the light

most favorable to the nonmoving party."  (Dkt. 139 at 8.)  This does not, however,

preclude j2 from establishing at a later stage of the litigation, based upon the

evidence developed in discovery, that IGC's claims are legally insufficient.

Presumably, that is why defendants (including IGC in this case) routinely assert

this affirmative defense.[4]  At a minimum, j2's "Failure to State a Claim" defense

alleges a defect in the Counterclaim, so, if the Court is inclined to rule that it is not

a proper affirmative defense, then the "appropriate remedy is to treat the defense as

a denial, and not to strike it."  *Schreiber*, 2011 WL 4633974, at *2.

     **D.**    **IGC Cannot Attempt to Hold j2 Liable Under a Theory of
Vicarious Liability and Simultaneously Prohibit j2 From
Invoking First Amendment Protection.**

     IGC argues that j2's *Noerr-Pennington* defense should be stricken

because j2 does not allege that it (as opposed to Catch Curve) has petitioned a

---

[4]     IGC's single supporting case, from a District Court applying Seventh Circuit
law, is unhelpful.  In *Home Depot U.S.A., Inc.* v. *UBM, Inc.*, the Court struck
Home Depot's affirmative defense for failure to state a claim, but Home Depot did
not dispute the point, and therefore the Court did not provide any reasoning
supporting its decision.  *See* 2007 WL 611279, at *2 (N.D. Ill. Feb. 22, 2007).

court for relief regarding the AudioFAX Patents.  (Memo. at 9.)  But *IGC* alleges

that j2 has petitioned a court.  For example, IGC's monopolization claim alleges

that j2 "illegally acquired and maintained a monopoly" by, *inter alia*,

"[t]hreatening and instituting objectively baseless infringement actions against IGC

and other competitors" and that "j2 and Catch Curve have created artificial barriers

to entry into the relevant market by baselessly asserting that their patents covering

fax-to-fax technology also cover fax to email technology."  (Counterclaim at

¶¶ 210, 215.)  Thus, IGC has accused j2 of illegally petitioning the Court, and j2 is

entitled to rely on the *Noerr-Pennington* doctrine to defend itself against that

accusation.  IGC cannot have it both ways—it cannot claim on the one hand that j2

is liable for Catch Curve's petitioning activity, but claim on the other hand that j2

has no First Amendment protection because it was Catch Curve that did the

petitioning.

## CONCLUSION

For the foregoing reasons, Catch Curve, Inc. and j2 Global

Communications, Inc. respectfully request that the Court deny Integrated Global

Concepts, Inc.'s Motion to Strike.

Respectfully submitted this 7th day of November, 2011.

*/s/ Dan R. Gresham*
Scott A. Horstemeyer
Georgia Bar No. 367836
Dan R. Gresham
Georgia Bar No. 310280
Melissa Rhoden
Georgia Bar No. 143160
**THOMAS, KAYDEN, HORSTEMEYER
& RISLEY, LLP**
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile:  (770) 951-0933

Robert A. Sacks (*pro hac vice*)
California Bar No. 150146
Brian R. England (*pro hac vice*)
California Bar No. 211335
**SULLIVAN & CROMWELL, LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067
(310) 712-6600
(310) 712-8800 Fax

*Attorneys for Plaintiff / Counterclaim
Defendant Catch Curve, Inc. and
Additional Counterclaim Defendant j2
Global Communications, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 7, 2011, the foregoing **"OPPOSITION TO MOTION TO STRIKE AFFIRMATIVE DEFENSES"** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

<u>/s/ Dan R. Gresham</u>
Dan R. Gresham
Georgia Bar No. 310280