IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> INTEGRATED GLOBAL CONCEPTS, INC., <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> j2 GLOBAL COMMUNICATIONS, INC., AUDIOFAX, INC., AND AUDIOFAX IP LLC <br><br> Added Counterclaim Defendants. | No. 1:06-CV-02199 <br> Judge Amy Totenberg <br><br> Jury Trial Demanded |

## JOINT CLAIM CONSTRUCTION STATEMENT

Plaintiff and Counterclaim-Defendant Catch Curve, Inc. ("*Catch Curve*") and Defendant and Counterclaim-Plaintiff, Integrated Global Concepts, Inc. ("*IGC*") hereby jointly state that the claim terms of U.S. Patent No. 6,785,021 ("the '021 Patent") listed below are presented for the Court's construction.

1. Construction of Claim Terms, Phrases, or Clauses of the '021 Patent on Which the Parties Agree:

| Term, Phrase or Clause | Agreed to Construction |
|---|---|
| "facsimile" | image data transmitted using facsimile protocol on the switched telephone network |

| | |
|---|---|
| "facsimile protocol" | the standardized procedure that governs the transmitting and receiving of facsimile messages over the switched telephone network |
| "facsimile message" | a message transmitted and received by facsimile protocol |
| "facsimile machine" | a machine for transmitting or receiving messages while using facsimile protocol |
| "call handling facility" | same construction as "store and forward facility" |

2. Each Party's Proposed Construction of each disputed claim term, phrase, or clause of the '021 Patent, together with an identification of all references from the specification or prosecution history that support that construction and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim:

| Term, Phrase or Clause | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "store and forward facility" | 35 U.S.C. § 112, paragraph 6 term.<br><br>Corresponding structure is the structure, including physical hardware and software, used to perform functions related to receiving facsimile messages, storing them, and determining when and where to transmit them.<br><br>The facility that receives the fax message from the transmitting fax machine, stores it, then forwards it to a recipient fax machine. Term is limited to the structure disclosed in the specification. | governed by 35 U.S.C. § 112(6)<br><br>structure is the structure, including the physical hardware and software, used to perform the functions of receiving facsimile messages, storing facsimile messages, and determining when and where to transmit facsimile messages |

| | |
|---|---|
| Plaintiff's Identification of Evidence | *Catch Curve, Inc. v. Venali, Inc.*, 05-CV-4820, DI-81, pp. 8-9, 11, 23-24; DI-132, pp. 3, 12 |
| Defendant's Identification of Evidence | **Specification:**<br><br>Claims do not recite sufficiently definite structure.<br><br>"**The store and forward facilities include a computer for controlling operations and mass data storage equipment.** A subscriber to the system delivers an outgoing facsimile message to **the store and forward facility** with which it is associated, which **records the fax message together with data as to originating facsimile machine and destination facsimile machine. The store and forward facility then delivers the facsimile message to the intended receiver facsimile machine, either directly or through another store and forward facility. If unsuccessful on an initial attempt, the store and forward facility periodically retrys to send the facsimile message**." (Abstract, emphasis added)<br><br>"The basic approach is to provide s**pecial computer-based fax Store And Forward Facilities (SAFF's)** as an integral part of a switched telephone network system. All fax transmissions entered into the network are routed to such a facility, typically geographically near the originating machine, where **they are temporarily stored or 'spooled' by the computer in a mass storage buffer, such as a magnetic disk.**" (Column 3, lines 3-10, emphasis added)<br><br>**Extrinsic Evidence:**<br><br>*Catch Curve, Inc. v. Venali, Inc.*, 05-CV-4820, DI-81, pp. 8-9, 11, 23-24<br><br>See, e.g.:<br><br>"The technology accomplishes this by providing a "store and forward facility" ("SAFF") which receives faxes transmitted by an originating fax machine, stores them, and forwards (or retransmits) these messages to their intended destinations at a time when the receiving machine is available." (p. 8)<br><br>"In the claims, the SAFF is the facility that receives the fax message from the transmitting fax machine, stores it, then forwards it to a recipient fax machine." (p. 11)<br><br>"The Court finds that the means-plus-framework applies to the |

| | |
|---|---|
| | 'SAFF' because the clam term is written as a functional term and has no inherent structure" (p. 23) |
| | "The 'SAFF' has numerous function in the claims, all related to receiving facsimile messages, storing them, and determining when and where to transmit them." (pp. 23-24) |
| | "The corresponding structure is the structure to be used for performing these functions, including both the physical hardware and the software required [for] performance." (p. 24) |
| | *Catch Curve, Inc. v. Venali, Inc.,* 05-CV-4820, DI-132, p.3 |
| | "This Court previously described a "store and forward facility" as one that: |
| | > receives faxes transmitted by an originating fax machine, stores them, and forwards (or retransmits) these messages to their intended destinations at a time when the receiving machine is available. Thus, a [store and forward facility] essentially acts as a proxy for a transmitting fax machine. |
| | (Claim Constr. Order at 8.)" (p.3) |

| Term, Phrase or Clause | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "mailbox" | a storage area in the store and forward facility. | governed by 35 U.S.C. § 112(6) - <br><br>a storage file in the mass storage means of the store and forwarding facility |
| Plaintiff's Identification of Evidence | **Specification:**<br><br>Asserted claims 33, 44, 64, and 69:<br><br>33. "mailbox defined in at least one computer storage device"<br>44. "mailbox defined in at least one computer storage device"<br>64. "mailboxes defined in at least one mass storage device" | |

| | |
|---|---|
| | 69. "mailbox defined in a computer storage"<br><br>"mailboxes are provided as part of the mass storage" (Abstract)<br><br>"Messages which the originator wishes to designate as secure are temporarily directed to **a auxiliary storage file** 54, 89 in the Answer Function of the destination SAFF called a 'Mail Box'." (Column 13, lines 59-62, emphasis added)<br><br>**Extrinsic Evidence:**<br><br>*Catch Curve, Inc. v. Venali, Inc.,* 2010 WL 270889<br><br>"The mailbox referred to in those claims is described throughout the patent as **a component of the SAFF**, not simply as a generic storage device. E.g., '021 patent, col. 13, ll. 59-62 (describing the mailbox as an 'auxiliary storage file in the Answer Function of the destination SAFF')." (*5)<br><br>"the specification describes the invention as operating in a single medium, and it contains no suggestion that the 'SAFF' or the 'mailbox' referred to in the storage claims could encompass any type of storage system with any type of downstream transmission capacity." (*6) |
| Defendant's Identification of Evidence | **Specification:**<br><br>Claims do not recite sufficiently definite structure and include mailboxes as part of computer or mass storage. See, e.g., asserted claims 33, 44, 64, and 69:<br><br>    33. "mailbox defined in at least one computer storage device"<br>    44. "mailbox defined in at least one computer storage device"<br>    64. "mailboxes defined in at least one mass storage device"<br>    69. "mailbox defined in a computer storage"<br><br>"mailboxes are provided as part of the mass storage" (Abstract)<br><br>"Messages which the originator wishes to designate as secure are temporarily directed to **a auxiliary storage file** 54, 89 in the Answer Function of the destination SAFF called a 'Mail Box'." (Column 13, lines 59-62, emphasis added) |

|  | **Extrinsic Evidence:**<br><br>*Catch Curve, Inc. v. Venali, Inc.,* 2010 WL 270889<br><br>See, e.g.:<br><br>"The mailbox referred to in those claims is described throughout the patent as **a component of the SAFF**, not simply as a generic storage device. E.g., '021 patent, col. 13, ll. 59-62 (describing the mailbox as an 'auxiliary storage file in the Answer Function of the destination SAFF')." (*5)<br><br>"the specification describes the invention as operating in a single medium, and it contains no suggestion that the 'SAFF' or the 'mailbox' referred to in the storage claims could encompass any type of storage system with any type of downstream transmission capacity." (*6) |
|---|---|

3. The anticipated length of time necessary for the Claim Construction Hearing;

Plaintiff's Position:  Plaintiff believes that one-half day should be sufficient.

Defendant's Position: Defendant believes that less than one day will be needed.

4. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

Plaintiff's Identification:  None.

Defendant's Identification: None.

**AGREEMENT AS TO FORM:**

April 25, 2012                                         Respectfully submitted,

6

| **THOMAS, KAYDEN, HORSTEMEYER & RISLEY, LLP** | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** |
|---|---|
| Dan R. Gresham<br>Georgia Bar No. 310280<br>Scott A. Horstemeyer<br>Georgia Bar No. 367836<br>Melissa Rhoden<br>Georgia Bar No. 143160<br><br>400 Interstate North Parkway SE<br>Suite 1500<br>Atlanta, Georgia  30339<br>Telephone: (770) 933-9500<br>Facsimile: (770) 951-0933<br><br>Robert A. Sacks<br>Brian R. England<br>Edward E. Johnson<br>SULLIVAN & CROMWELL LLP<br>1888 Century Park East, Suite 2100<br>Los Angeles, CA  90067<br>(310) 712-6600<br>(310) 712-8800 Fax<br><br>***ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT CATCH CURVE, INC. AND ADDITIONAL COUNTERCLAIM DEFENDANT j2 GLOBAL COMMUNICATIONS, INC.*** | Michael J. Powell<br>Georgia Bar No. 586275<br>mpowell@bakerdonelson.com<br><br>Damany F. Ransom<br>Georgia Bar No. 594774<br>dransom@bakerdonelson.com<br><br>Monarch Plaza<br>3414 Peachtree Road, Suite 1600<br>Atlanta, Georgia 30326<br>(678) 406-8700 - Telephone<br>(678) 406-8701 - Facsimile<br><br>Of Counsel:<br>Robert J. Schneider, IL ARDC #2499223<br>James Heiser, IL ARDC #6280191<br>CHAPMAN AND CUTLER LLP<br>111 West Monroe Street, #1700<br>Chicago, Illinois  60603-4080<br>(312) 845-3919<br>(312) 701-2361 Fax<br><br>***ATTORNEYS FOR DEFENDANT AND COUNTERCLAIM PLAINTIFF INTEGRATED GLOBAL CONCEPTS, INC.*** |

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the court in local rule 5.1 (C) and 7.1 (D).

This 25th day of April, 2012.

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, P.C.


        By: /s/Michael J. Powell
            Michael J. Powell
            Georgia Bar No. 586275
            Damany F. Ransom
            Georgia Bar No. 594774
            Monarch Plaza
            3414 Peachtree Road, Suite 1600
            Atlanta, Georgia 30326
            (678) 406-8700 - Telephone
            (678) 406-8701 - Facsimile

Of Counsel:
Robert J. Schneider, IL ARDC #2499223
James Heiser, IL ARDC #6280191
CHAPMAN AND CUTLER LLP
111 West Monroe Street, #1700
Chicago, Illinois  60603-4080
(312) 845-3919
(312) 701-2361 Fax

*Attorneys for Integrated Global Concepts, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the above and foregoing <u>Joint Claim Construction Statement</u> that has been electronically filed and a Court-issued Notice has been electronically mailed to the following counsel of record:

Robert A. Sacks
Brian R. England
Edward E. Johnson
Sullivan & Cromwell LLP
1888 Century Park East, Suite 2100
Los Angeles, CA  90067

Dan R. Gresham
Scott A. Horstemeyer
Melissa Rhoden
Thomas, Kayden, Horstemeyer & Risley, LLP
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia  30339

This 25th day of April, 2012.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

By: /s/Michael J. Powell
Michael J. Powell
Georgia Bar No. 586275
Damany F. Ransom
Georgia Bar No. 594774
Monarch Plaza
3414 Peachtree Road, Suite 1600
Atlanta, Georgia 30326
(678) 406-8700 - Telephone
(678) 406-8701 - Facsimile