IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:06-CV-2199-AT |
| | : | |
| INTEGRATED GLOBAL CONCEPTS, INC., | : | |
| | : | |
|     Defendant/Counter Claimant, | : | |
| | : | |
| v. | : | |
| | : | |
| CATCH CURVE, INC.; J2 GLOBAL COMMUNICATIONS, INC.; AUDIOFAX, INC.; AUDIOFAX IP LLC, | : | |
| | : | |
|     Counter Defendants | : | |

# **ORDER**

Before the Court is Counter Claimant Integrated Global Concepts, Inc.'s ("IGC") Motion to Strike Affirmative Defenses [Doc. 146]. IGC seeks to strike the affirmative defenses raised by Counter Defendants Catch Curve, Inc., and j2 Global Communications, Inc. ("j2") in their Answer to IGC's First Amended Counterclaim [Doc. 140] pursuant to Rule 12(f) of the Federal Rules of Civil

Procedure.  For the reasons discussed below, this motion is **GRANTED IN PART** and **DENIED IN PART**.[1]

## I.    Background

On September 15, 2006, Catch Curve brought this suit against IGC, alleging patent infringement.[2]  (Compl.)  IGC filed its Amended Answer and Counterclaims alleging antitrust and breach of contract claims against Catch Curve, j2, and the AudioFAX companies on May 13, 2008  (Am. Answer and Countercl.)  Catch Curve and j2 filed a partial motion to dismiss the counterclaims on June 13, 2008.  (Mot. Dismiss.)  On February 18, 2009, this case was stayed pending the Federal Circuit's review of a closely related case [Doc. 106].  *See Catch Curve, Inc., v. Venali, Inc.*, 363 F. App'x 19, 25 (Fed. Cir. 2010) (affirming the claim construction ruling in *Catch Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP (AJWx), 2007 WL 3308101 (C.D. Cal. May 11, 2007)).

On June 7, 2010, the Court reopened the instant case, and on July 16, 2010, Catch Curve and j2 re-filed their partial motion to dismiss IGC's counterclaims.  On September 1, 2011, the Court granted in part and denied in part the partial motion to dismiss IGC's counterclaims [Doc. 139].  The Court dismissed Counts IV and V with respect to the *Walker Process* antitrust claims,

---

[1] Catch Curve and j2's Motion for Oral Argument [Doc. 151] is **DENIED** nunc pro tunc.
[2] Catch Curve also named Meixler Technologies, Inc., as a defendant, but later stipulated to its dismissal from the case.  (Stip. Dismissal, Jul. 21, 2010, Doc. 122.)

2

as well as Count VII. These counts were dismissed with leave to amend within fourteen days, and IGC declined to re-plead them. The Court did not dismiss Counts IV and V as alleged under the *Handguards* antitrust theory.

Following the partial dismissal, Catch Curve and j2 filed their Answer to IGC's First Amended Counterclaims on September 30, 2011 [Doc. 140]. In their Answer, Catch Curve and j2 pled eleven affirmative defenses, which are the focus of this Order. On October 21, 2011, IGC filed a Motion to Strike Affirmative Defenses [Doc. 146]. IGC contends that the eleven affirmative defenses asserted by Catch Curve and j2 are insufficient as a matter of law, and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Br. Supp. Mot. Strike 2-3.) In response, Catch Curve and j2 moved for oral argument on November 8, 2011 [Doc. 151].

## II.   Legal Standard

Rule 12(f) provides that a party may move the Court to strike an "insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are generally disfavored. *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). If granted, the non-moving party is generally given leave to amend. *Racick v. Dominion Law Associates,* 270 F.R.D. 228, 232 (E.D.N.C. 2010). On a motion to strike, the Court must accept the factual allegations as true, just as on a 12(b)(6) motion. *See Town of River Junction v. Maryland Cas. Co.*, 110 F.2d 278, 280 (5th Cir. 1940).

3

### III. Discussion

In support of its motion to strike, IGC claims all eleven of Catch Curve and j2's affirmative defenses fail to meet the pleading standard of Rule 8. (Br. Supp. Mot. Strike at 2.) IGC contends that none of the defenses are pled with enough specificity to give fair notice of the nature of the defense. (*Id.* at 3.) Additionally, IGC specifically challenges the sufficiency of defenses 1, 3, 5, 6, 7, 8, 9, 10, and 11. (*Id.* at 6.) The Court addresses the Rule 8 question before considering each affirmative defense individually.

Rule 8(a)(2) relates to the pleading of a claim, and requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified that Rule 8(a) requires a complaint to set forth sufficient facts to render a claim for relief as plausible. Conclusory allegations are not sufficient. *Id.* at 555. Since that decision, courts have been in disagreement over whether the plausibility standard extends to the pleading of affirmative defenses under Rules 8(b)(1) and 8(c). *Compare Jackson v. City of Centreville,* 269 F.R.D. 661, 662 (N.D. Ala 2010) ("[n]either *Twombly* nor *Iqbal* address Rules 8(b)(1)(A) and 8(c) which pertain to affirmative defenses") *with HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) ("[w]hile the language in Civil Rule 8(a) differs from the language in Civil Rule 8(b) & (c), this difference is

minimal and simply reflects the fact that an answer is a response to a complaint").

IGC argues that the *Twombly* pleading requirements extend to affirmative defenses. (Br. Supp. Mot. Strike at 2.) Under this standard, IGC argues, conclusory statements of affirmative defenses are inadequate; a party must allege enough factual detail to reach the threshold of plausibility. (*Id.* at 3.) IGC offers Seventh Circuit authority in support of its position, but all of the cases cited by IGC were decided well before *Twombly*. (*Id.* at 2-3.) *See, e.g. Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286 (7th Cir. 1989). In the wake of *Twombly*, the Eleventh Circuit has not applied the *Twombly* pleading standard to affirmative defenses. *Jackson*, 269 F.R.D. at 662. Recent decisions from this Circuit indicate that "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Navarro v. Santos Furniture Custom Design, Inc.*, 372 F. App'x 24, 27 (11th Cir. 2010); *See also Bergquist v. Fidelity Info. Servs., Inc.*, 197 F. App'x 813, 815 (11th Cir. 2006) ("it is plain that the purpose of Rule 8(c) [is] simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial").

This Court declines IGC's invitation to extend the pleading requirements of *Twombly* to affirmative defenses. Considering the available authority, along with the twenty-one day period defendants have to respond to a complaint, it is not at all obvious that affirmative defenses were impacted by *Twombly*. Consistent

with the Eleventh Circuit's recent decision in *Navarro*, the Court reviews affirmative defenses to ensure they provide fair notice of the nature of the defense and the grounds upon which it rests. *See Navarro,* 372 F. App'x at 27.

An affirmative defense "raises matters extraneous to the plaintiff's *prima facie* case" that can defeat a claim. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (quotation omitted). "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis omitted). Such a defense is insufficient when "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Affirmative defenses must amount to more than mere conclusions of law. *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2nd Cir. 1996). "A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson*, 846 F.2d at 1349. Guided by these standards, the Court addresses the sufficiency of Catch Curve and j2's affirmative defenses.

### A.  First Affirmative Defense

As their First Affirmative Defense, Catch Curve and j2 assert that "[t]he Counterclaims fail to state a claim upon which relief may be granted." (Answer at 33.) From what the Court can discern, Catch Curve and j2 saw fit to include a

Rule 12(b)(6) motion for dismissal as their first affirmative defense. When faced with this type of affirmative defense, courts in this circuit recognize it is "not technically an affirmative defense," but often decline to strike the defense. *Dougan v. Armitage Plumbing, LLC*, No. 6:11–cv–1409–Orl–22KRS, 2011 WL 5983352, at \*1 (M.D. Fla. Nov. 14, 2011), *See also Taney v. Holding Co. of the Villages, Inc.*, No. 5:10–cv–134–Oc–32JRK, 2010 WL 4659604, at \*1 (M.D. Fla. Nov. 9, 2010). Thus, the defense is not stricken, but like the court in *Taney* this Court does not "give it much credence." 2010 WL 4659604, at \*1.

### B. Second Affirmative Defense

In their Second Affirmative Defense, Catch Curve and j2 assert that "Catch Curve's patent infringement lawsuits have been brought in good faith, without any knowledge that any of the asserted patents are invalid or unenforceable." (Answer at 33.) IGC raises no specific objection to this defense, other than its sufficiency under Rule 8. This pleading does not require further factual detail to place IGC on notice of this defense. It is not stricken.

### C. Third Affirmative Defense

Catch Curve and j2's Third Affirmative Defense is "[t]he counterclaims are barred because IGC cannot adequately allege or prove antitrust injury or any other cognizable injury." (*Id.*) The pleading fails to set forth allegations that, when accepting the counterclaims as fact, provide a way for Catch Curve and j2 to

avoid one of the claims. It only serves to generally contest IGC's ability to show one of the elements of their *prima facie* claim. The defense is stricken.

### D.     Fourth Affirmative Defense

As their Fourth Affirmative Defense, Catch Curve and j2 plead "[a]t all times relevant to this action, the conduct of the Counterclaim-Defendants was taken in good faith based on legitimate business justifications, lacked any wrongful intent, and in no way unreasonably restrained competition." (*Id.* at 34.) As with the Second Affirmative Defense, IGC does not specifically challenge this pleading. It succeeds in putting IGC on notice of what could emerge as an affirmative defense, and thus is not stricken.

### E.     Fifth Affirmative Defense

Catch Curve and j2 plead as their Fifth Affirmative Defense "[t]he Counterclaims are barred, in whole or in part, because they challenge the exercise of rights protected by the First Amendment of the United States Constitution and/or is immunized by the *Noerr-Pennington* doctrine."[3] (*Id.*) This defense sets forth allegations that could defeat one or more of IGC's claims. It succeeds in putting IGC on notice of this defense, even with the scarce factual support given.

---

[3] The *Noerr-Pennington* doctrine protects parties from antitrust liability predicated on acts of petitioning the government. *See United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965); *E.R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 135 (1961). The protected activities include petitioning for relief in court. *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). Such activities are not protected, however, if they are "a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor." *Noerr*, 365 U.S. at 144.

IGC argues that j2 should not be able to raise this defense based on litigation undertaken by Catch Curve. (Br. Supp. Mot. Dismiss at 9.) Given that j2 is the parent company of Catch Curve, it would be inapposite to strike this defense at this time for either party. It is not stricken.

### F. Sixth Affirmative Defense

Catch Curve and j2's Sixth Affirmative Defense is "[t]he Counterclaims are barred, in whole or in part, by the applicable statute of limitations and/or repose, by prescription, and/or by laches." (*Id.*) The Court recognizes that these types of defenses require little factual support to survive a motion to strike. *See Adams v. JP Morgan Chase Bank*, N.A., No. 3:11–cv–337–J–37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011). This pleading succeeds in putting IGC on notice of these defenses and therefore is not stricken.

### G. Seventh Affirmative Defense

As their Seventh Affirmative Defense, Catch Curve and j2 plead "[t]he Counterclaims fail to define a cognizable relevant market." (Answer at 34.) This pleading alleges an infirmity somewhere in the counterclaims. "[A] statement that alleges a defect in the plaintiff's case is a denial, not an affirmative defense." *Major v. Wholesale Solar Supply, Inc.*, No. 2:11–cv–122–FtM–36SPC, 2011 WL 3961824, at *3 (M.D. Fla. July 19, 2011). The pleading fails to allege circumstances beyond IGC's allegations that would allow Catch Curve or j2 to

avoid the counterclaims if all the allegations in support of the claims are proven true. Accordingly, this defense is stricken.

### H.     Eighth Affirmative Defense

Catch Curve and j2's Eighth Affirmative Defense is "[c]ounterclaim-Defendants do not have market power in any properly-defined relevant market." (*Id.*)  From what the Court can discern, this asserted defense exists only to dispute allegations made in the counterclaim, and is not the basis of an affirmative defense.  (Countercl. ¶¶ 214, 223, 227.)   "[S]imple denials of allegations . . . are not affirmative defenses."  *Florida Business Brokers Ass'n., Inc., v. Williams*, No. 2:09–cv–145–FtM–29SPC, 2009 WL 3028311, at *1 (M.D. Fla. Sept. 17, 2009).  Since this is statement made solely to invalidate elements of a *prima facie* claim, it is stricken.

### I.     Ninth Affirmative Defense

As their Ninth Affirmative Defense, Catch Curve and j2 plead "[t]o the extent any Counterclaim-Defendant has acquired market power in any properly-defined relevant market, such market power is not the result of any exclusionary, predatory, or otherwise illegal conduct."  (Answer at 34.)  This defense serves the same purpose as the Eighth Affirmative Defense; it is a conclusory statement that simply attacks elements of IGC's *prima facie* claim.  This defense is stricken.

### J. Tenth Affirmative Defense

Catch Curve and j2's Tenth Affirmative Defense is "[a]ny injury allegedly sustained by IGC was not directly or proximately caused by any conduct or act of the Counterclaim-Defendants or by any person or entity whose acts may be attributed to the Counterclaim-Defendants for any reason." (*Id.* at 35.) Again, this is merely an effort to dispute IGC's allegations. This defense fails to allege circumstances that would allow Catch Curve and j2 to avoid liability if all of IGC's allegations are true. This defense is stricken.

### K. Eleventh Affirmative Defense

As their Eleventh Affirmative Defense, Catch Curve and j2 plead "[t]he causes of action asserted in the Counterclaim are barred, in whole or in part, because IGC's damages, if any, are speculative and impossible to ascertain and allocate." (*Id.*) Antitrust damages are often difficult to calculate. *Malcolm v. Marathon Oil Co.*, 642 F.2d 845, 858 (5th Cir. Unit B Apr. 1981)[4]. However, the "antitrust plaintiff's burden of proving the amount of damages is lighter than the burden of proving injury in fact." *Id.* Exact values of damages are not required; approximations based on rational assumptions are sufficient. *Id.* "In fact, given proof of the fact of damage, proof of losses which border on the speculative is allowed in order to facilitate the policy of the antitrust laws." *Id.* While pure

---

[4] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981.

speculation is impermissible in the determination of damages in an antitrust claim, "a defendant whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by the plaintiff, is not entitled to complain that they cannot be measured with the same exactness and precision as would otherwise be possible." *Hobart Bros. Co., v. Malcolm T. Gillialand, Inc.*, 471 F.2d 894, 903 (5th Cir. 1973) (quoting *Eastman Kodak v. S. Photo Material Co.*, 273 U.S. 359, 379 (1927)).

This pleading fails to adequately give IGC notice of why they cannot meet their burden of proving damages. To adequately place IGC on notice of this defense, Catch Curve and j2 must provide some detail as to why a reasonable estimate of damages would be impossible. This defense is stricken.

### IV. CONCLUSION

For the foregoing reasons, IGC's motion to strike [Doc. 146] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** for affirmative defenses **3, 7, 8, 9, 10, and 11**. The motion is **DENIED** for defenses **1, 2, 4, 5, and 6**. Catch Curve and j2 have twenty days to replead any *valid* affirmative defenses in a manner sufficient to place IGC on notice or to amend their answer to plead any additional grounds for their defenses to IGC's Complaint allegations in light of this Order.

It is so **ORDERED** this 26th day of July, 2012.

$\underline{\hspace{3in}}$
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**