IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC., : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:06-CV-2199-AT |
| : | |
| INTEGRATED GLOBAL CONCEPTS, : | |
| INC., : | |
| : | |
| Defendant/Counter Claimant, : | |
| : | |
| v. : | |
| : | |
| CATCH CURVE, INC.; j2 GLOBAL : | |
| COMMUNICATIONS, INC.; : | |
| AUDIOFAX, INC.; AUDIOFAX IP LLC, : | |
| : | |
| Counterclaim Defendants : | |

## **ORDER**

This antitrust and patent matter is again before the Court because of the parties' irreconcilable conflict in responding to the Court's inquiry in its discovery Order of March 4, 2013 (Doc. 199) regarding the scope of outstanding relevant material factual disputes and the scope of needed discovery in light of that Order.

The Court's March 4 Order required the parties to provide limited briefing on whether they viewed any evidence, beyond the current record of this case, as relevant to the Court's determination regarding whether the specific infringement

claims brought here were objectively baseless. It further directed that "if either party contends such evidence exists and requires further discovery, that party should identify the proposed topics and scope of discovery in its submission." (Doc. 199 at 12.)

Perhaps predictably, Counter Claimant IGC requested that the Court expand the scope of discovery significantly beyond the contours of the March 4, 2013 Order, and the Catch Curve Counterclaim Defendants requested that the Court immediately proceed to summary judgment briefing. The Counter Claimant has made clear in its submission that it would oppose a motion for summary judgment based on its need to obtain additional evidence through discovery. Thus, if the Court were to proceed directly to summary judgment briefing, the Counter Claimant would clearly argue that it required discovery to obtain facts necessary to respond to the Counter Defendants' Motion pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The Court need not force the Counter Claimant to go through this exercise and delay, as the Court would view such a request as justified where no discovery has taken place. Accordingly, the Court will allow initial discovery to proceed, consistent with the provisions of this Order.

The Court understands the heart of this issue is one of claim construction; specifically whether the Catch Curve Counterclaim Defendants' continued assertion of U.S. Patent No. 6,785,021 (the '021 patent) against Counter

Claimant, after the Federal Circuit reviewed the AudioFAX patents, was baseless.[1] *See Catch Curve, Inc. v. Venali, Inc.*, 363 F. App'x 19 (Fed. Cir. 2010) (affirming the lower court's construction of the AudioFAX patents to exclude fax-to-email ability). Further discovery is unlikely to resolve this particular dispute, considering that the parties' Joint Claim Construction Statement (Doc. 168) identifies only two contested claim terms with neither requiring witness testimony. Thus, the Court proceeds here based on the legal analysis set forth in the Court's Order of March 4 and its view that "the objective prong" of the examination required under *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993) ("*PRE*") entails a question of law based on underlying mixed questions of law and fact.[2] In particular, the Court also takes into account the need to explicitly adjust the framework of discovery to allow the Counter Claimant to address on a limited basis some issues that may bear on the objective prong of proof, though the Counter Defendants might classify these as relating to their subjective motivation.

The Counter Claimant here alleges that the Counterclaim Defendants acquired actual knowledge of the accused infringing service MaxEmail through

---

[1] Counterclaim Defendants' complaint originally alleged infringement of U.S. Patent Nos. 4,994,926; 5,291,302; 5,459,584; 6,643,034; and 6,785,021 (the "AudioFAX Patents"). Following the Federal Circuit decision, Counterclaim Defendants advanced infringement contentions for the '021 patent and two patents not asserted in the complaint, Nos. 7,365,884 and 7,525,691 (Doc. 155 Ex. 1).

[2] This mode of analysis is analogous to that applied by the Federal Circuit for determining the availability of fees under the "exceptional case" provision of 35 U.S.C. § 285. *See Highmark, Inc. v. Allcare Health Management Systems, Inc.*, 687 F.3d 1300, 1308-1310 (Fed. Cir. 2012).

the parties' history of licensing the relevant technology in 2000. Under these circumstances, evaluating the Counterclaim Defendants' actual knowledge of the MaxEmail system against its infringement claims may be probative of the objective prong.

Accordingly, the Court authorizes an initial four month period of discovery to proceed immediately relating to the following issues and topics.

(1) Whether j2 personnel in 2000 had actual knowledge that the MaxEmail system could not possibly infringe the '021 patent, given the scope of information provided to the j2 transition team and prior technology in public use and subsequent technological developments. This inquiry is limited to: (a) members of the j2 transition team who are or were employees of Counterclaim Defendants or their affiliates and (b) any other employee of j2 or the Counterclaim Defendants or their affiliates who purportedly have such actual knowledge.

(2) Whether Counterclaim Defendants, after 2000 but prior to filing their infringement contentions, had actual knowledge that the MaxEmail system was not or could not be updated to infringe the '021 patent. This inquiry is limited to the j2 personnel described in paragraph (1) above, as well as personnel with MaxEmail accounts who were employees of j2 or the Counterclaim Defendants or their affiliates.

(3) The factual and legal basis upon which Counterclaim Defendants decided to add the two additional patents (Nos. 7,365,884 and 7,525,691) in their

infringement contentions in this case, although they were not asserted in the Complaint.

The parties are advised that this discovery is strictly limited to the Catch Curve Counterclaim Defendants' infringement claims in the present action, including Patents Nos. 6,785,021, 7,365,884 and 7,525,691.[3]  This Order is not a license to examine subjective intent or to conduct third-party discovery beyond what is authorized by the terms of this Order.[4]  Should Counter Claimant ultimately prevail on summary judgment of this issue, discovery will then be expanded to encompass additional relevant issues.

Accordingly, the parties are **DIRECTED** to commence discovery immediately.  Discovery shall proceed for a four month period from this date.  Consistent with the Court's simultaneously issued Order of this date, future discovery matters shall be referred to Magistrate Judge Alan Baverman.

It is **SO ORDERED** this 28th day of June, 2013.

_____
**Amy Totenberg**
**United States District Judge**

---

[3] In light of this Court's dismissal of IGC's *Walker Process* claim, discovery into the validity or enforceability of the patents described in this Order is not permitted.  (Order of Sept. 1, 2011, Doc. 139.)

[4] In other words, IGC's third-party discovery is limited to individuals falling under the discovery rubric of paragraphs (1)-(3) above who are no longer employed by the Counterclaim Defendants.