IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC., | : |
| | : |
| Plaintiff, | : CIVIL ACTION FILE NO. |
| | : 1:06-CV-2199-AT |
| v. | : |
| | : |
| INTEGRATED GLOBAL | : [Magistrate Judge Baverman] |
| CONCEPTS, INC., | : |
| | : |
| Defendant/Counter Claimant, | : |
| | : |
| v. | : |
| | : |
| CATCH CURVE, INC.; | : |
| J2 GLOBAL COMMUNICATIONS, | : |
| INC.; AUDIOFAX, INC.; | : |
| AUDIOFAX IP LLC; IPAC LLC, | : |
| | : |
| Counter-Defendants. | : |

## O R D E R

The District Court referred to the undersigned any discovery disputes arising in this antitrust and patent case. [Doc. 205 at 5]. Two such disputes are currently before the Court: (1) Integrated Global Concepts, Inc. ("IGC") seeks a privilege log for communications of outside counsel for Catch Curve, Inc. and j2 Global Communications, Inc. (collectively "j2"), [Docs. 214-216]; and (2) IGC seeks access to four deposition transcripts filed under seal in *Catch Curve, Inc. v. Venali,*

AO 72A
(Rev.8/8
2)

*Inc.* No. 05-4820 DDP (C.D. Cal) ("*Venali*"), for use in deposing those witnesses in this case. The parties submitted briefs and or letter briefs on each issue and the Court held telephone conferences with the parties. [Docs. 218/219; Dkt. Entry 12/17/2013 & Doc. 221]. The Court makes the following rulings.

*1.    Additional Privilege Log*

In the Order referring discovery disputes to the undersigned, the District Court allowed discovery at the present time only on the objective element of the "sham litigation" test of *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 & n.5 (1993) (holding that the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits, keeping in mind that a party that ultimately loses the underlying litigation may have had " 'an entirely reasonable ground for bringing suit' " even when the law or the facts appear questionable at the outset) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). In setting the scope of this round of discovery, the District Court also relied upon *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*,

2

687 F.3d 1300, 1308-10 (Fed. Cir. 2012). [*See* Doc. 205 at 3 & n.2].[1] Thus, the District Court allowed discovery on the following issues and topics:

> (1) Whether j2 personnel in 2000 had actual knowledge that the MaxEmail system could not possibly infringe the '021 patent, given the scope of information provided to the j2 transition team and prior technology in public use and subsequent technological developments. This inquiry is limited to: (a) members of the j2 transition team who are or were employees of Counterclaim Defendants or their affiliates and (b) any other employee of j2 or the Counterclaim Defendants or their affiliates who purportedly have such actual knowledge.
>
> (2) Whether Counterclaim Defendants, after 2000 but prior to filing their infringement contentions, had actual knowledge that the MaxEmail system was not or could not be updated to infringe the '021 patent. This inquiry is limited to the j2 personnel described in paragraph (1) above, as well as personnel with MaxEmail accounts who were employees of j2 or the Counterclaim Defendants or their affiliates.
>
> (3) The factual and legal basis upon which Counterclaim Defendants decided to add the two additional patents (Nos. 7,365,884 and 7,525,691) in their infringement contentions in this case, although they were not asserted in the Complaint.

[Doc. 205 at 4-5].

---

[1] The *Highmark* Court described the threshold objective prong as "a question of law based on the underlying mixed questions of law and fact." *Highmark*, 687 F.3d at 1309. It noted that the "objective prong requires a retrospective assessment of the merits of the entire litigation determined 'based on the record ultimately made in the infringement proceedings.' " *id.* at 1310 (citations omitted); *see also id.* at 1310-11 ("The objective prong is a single backwards-looking inquiry into the reasonableness of the claim in light of the full record.") (citations omitted).

3

According to the parties' filings, j2 has submitted a privilege log which lists those communications it claims are privileged between j2 and its general counsel, and between j2's outside counsel, Sullivan and Cromwell, and j2's general counsel.[2] IGC seeks a privilege log as to internal communications between the lawyers at Sullivan and Cromwell. It contends that since j2 relies, at least in part, on the fact that it based its infringement contentions on experienced patent counsel, [Doc. 214-1 at 26, 37], it is entitled to the communications of counsel, or at least a complete privilege log to enable it to argue that any claimed attorney-client privilege has been waived. J2 alleges that for purposes of the inquiry into alleged objective baselessness of its infringement contentions, [Doc. 175-13], the communications among its outside litigation attorneys are irrelevant.

The Court agrees with j2 that it need not be compelled to prepare a privilege log as to communications among its outside litigation counsel at Sullivan and Cromwell. Although the District Court allowed discovery into the "factual and legal basis" for asserting infringement of the two patents not originally asserted in the complaint, and

---

[2] IGC disputes the completeness of the detail of that log. [Doc. 219 at 10]. That issue is better left for a determination of whether any privilege is waived by failure to submit a proper privilege log. *Williams v. Taser Intern., Inc.*, 274 F.R.D. 694, 697-98 (N.D. Ga. 2008) (Story, J.).

4

other portions of the order allow for factual discovery, the undersigned concludes that the litigation counsel privilege log is not reasonably calculated to lead to the discovery of admissible evidence, and thus is beyond the scope of the District Court's order. The first two areas of discovery allowed by the District Court concern the knowledge of individuals employed by or associated with j2; communications between members of j2's outside law firm necessarily would not be included in those categories, or else should have been included on the privilege log already produced detailing communications between the law firm and its client (or its client's general counsel).

Nor would the communications IGC seeks to have logged be relevant to the objective baselessness element for which the District Court has allowed discovery. Instead, looking at the scope of *factual* inquiry as it relates to objective baselessness prong, the Court views *Professional Real Estate Investors* and *Highmark* as indicative of the type of evidence which would allow a party to assert or challenge objective baselessness. For example, in *Professional Real Estate Investors*, the Court noted that other court decisions as well as scholarly articles supported Columbia's decision to bring suit. *Prof'l Real Estate Investors*, 508 U.S. at 63-64; *see also In re Terazosin Hydrochloride Antitrust Litigation*, 335 F. Supp. 2d 1336, 1361-64 (S.D. Fla. 2004) (analyzing party's contentions in light of status of various court cases). In *Highmark*,

5

the court analyzed the claim specifications and arguments made in the main litigation to determine if the arguments of the party claiming infringement were such that no reasonable litigant could believe it would succeed. *Highmark*, 687 F.3d at 1314.

The facts considered in *Professional Real Estate Investors* and the other cases just mentioned, while not exclusive, demonstrate why the communications IGC seeks to have logged do not demonstrate whether or not j2's infringement contentions were objectively baseless. IGC has not identified for the Court why these communications are discoverable on the issue of objective baselessness, and the Court is unable to articulate a reason on its own. Even assuming that Sullivan and Cromwell internally debated the propriety of bringing patent infringement claims on behalf of j2, such communications are relevant, if at all, only to j2 or its counsel's subjective intent. The communications do not demonstrate whether a reasonable litigant would have thought it had a chance of success, and under *Professional Real Estate Investors*, 508 U.S. at 65-66, proving objective baselessness is a precondition to attempting to prove an improper subjective intent.

Thus, the motion to require j2 to prepare a more complete privilege log detailing communications among Sullivan and Cromwell lawyers, [Docs. 214-216], is **DENIED**.

AO 72A
(Rev.8/82)

2.     *Disclosure of* Venali *Depositions*

The Court has read the depositions of Michael W. McLaughlin, Richard Ressler, Jeffrey Adelman, and Scott Turicchi, given in the *Venali* litigation. Of those depositions, only McLaughlin and Turicchi's involve any arguable discussion of the patents and issues in the pending case. As a result, the Court **DIRECTS** j2 to disclose copies of those two depositions to IGC prior to the time of McLaughlin and Turicchi's depositions in this case. Those depositions are subject to the protective order entered in this case. The Court will seal the four depositions submitted to it for further review.

3.     Conclusion

For the reasons stated above, IGC's motion for a more complete privilege log, [Docs. 314-216], is **DENIED**. IGC's request for discovery of depositions from the *Venali* case is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**, this the 17th day of January, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)