IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CATCH CURVE, INC., | : | |
| | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:06-CV-2199-AT |
| | : | |
| INTEGRATED GLOBAL CONCEPTS, | : | |
| INC., | : | |
| | : | |
|     Defendant/Counterclaim | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| CATCH CURVE, INC.; j2 GLOBAL | : | |
| COMMUNICATIONS, INC.; | : | |
| AUDIOFAX, INC.; AUDIOFAX IP LLC, | : | |
| | : | |
|     Counterclaim Defendants | | |

## ORDER

This matter is before the Court on Counterclaim Defendants Catch Curve, Inc.'s, and j2 Global Communications, Inc.'s ("j2") Motion for Extension of Time and to Extend Page Limits [Doc. 233].  Presently, the deadline to file a motion for summary judgment in this case is March 5, 2014; j2 seeks a one week extension to file a motion for summary judgment by March 12, 2014.  Additionally, j2 requests that the page limit on this motion be extended from 25 to 35 pages.

In response, Counterclaim Plaintiff Integrated Global Concepts, Inc., ("IGC") does not object to this one-week extension or the increase in page limits.

IGC submits its own Motion for Extension [Doc. 234] which seeks to extend its time to file a response to j2's motion for summary judgment until after Magistrate Judge Baverman has ruled on pending discovery disputes. Specifically, IGC argues that it should not be required to respond to j2's anticipated motion for summary judgment until Magistrate Judge Baverman resolves the pending disputes over: 1) whether j2 failed to produce relevant post-2007 documents pertaining to its infringement contentions; 2) whether j2 failed to produce relevant post-2007 documents pertaining the two patents not asserted in its Complaint; and 3) j2's alleged failure to produce a competent Rule 30(b)(6) witness.  Additionally, IGC argues that the application of the Court's February 27, 2014 Order (Doc. 232) to the discovery process may be relevant to any dispositive motion in the case.  Ultimately, IGC requests to file its response to j2's motion for summary judgment within 30 days after the close of discovery, or 30 days after Judge Baverman denies its pending discovery motions, whichever is later.

j2's Motion [Doc. 233] is **GRANTED**.[1]  The deadline to file a motion for summary in this case is extended until March 12, 2014.  The page limit on that motion and any brief in opposition is extended to thirty-five (35) pages.

IGC's Motion [Doc. 234] is **DENIED**.  The Court cannot determine the relevance of pending discovery issues to j2's dispositive motion until j2 actually files its motion for summary judgment.  If j2's motion for summary judgment

---

[1] j2's request for an expedited briefing schedule is **DENIED AS MOOT**.

directly implicates these issues, IGC may renew its Motion for Extension at that time.

It is so **ORDERED** this 5th day of March, 2014.

_____

**Amy Totenberg**
**United States District Judge**