IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATCH CURVE, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INTEGRATED GLOBAL CONCEPTS, : <br> INC., : <br> : <br> Defendant/Counterclaim : <br> Plaintiff, : <br> : <br> v. : <br> : <br> CATCH CURVE, INC.; j2 GLOBAL : <br> COMMUNICATIONS, INC.; : <br> AUDIOFAX, INC.; AUDIOFAX IP LLC, : <br> : <br> Counterclaim Defendants : | CIVIL ACTION NO. <br> 1:06-CV-2199-AT |

## **ORDER**

This matter is before the Court on Counterclaim Plaintiff Integrated Global Concepts, Inc.'s ("IGC") Motion to Amend [Doc. 227]. IGC seeks leave to amend its counterclaims to add a breach of contract claim. IGC argues that Counterclaim Defendant j2 entered into a Release and Covenant Not to Sue with IGC in an Agreement of Understanding between the parties, which j2 violated by filing this infringement action. (Proposed Am., Doc. 227-1 ¶ 345, 370.)

**I.     Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading (1) once as a matter of course within 21 days after serving it, or (2) 21 days after service of a motion or responsive pleading.  Fed. R. Civ. P. 15(a)(1).  If a party seeks to amend its pleading outside these time limits, it may do so only by leave of court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a)(2).  The decision whether to grant leave to amend is committed to the sound discretion of the trial court.  *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1989).  At the same time, courts should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a); *Shipner*, 868 F.2d at 406-407.  Generally, leave should be granted "unless there is a substantial reason to deny" further amendment.  *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).  The most common reasons to deny amendment include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of the amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**II.    Discussion**

The Court examined and dismissed virtually the exact same counterclaim from IGC two and a half years ago.  In its original counterclaim, IGC argued that j2's filing of the instant infringement suit violated a "warranty of non-infringement" in a software license agreement ("License Agreement") made between j2 and IGC.  However, IGC failed to attach the License Agreement to its

counterclaims. In response to an Order of the Court, IGC filed authenticated versions of the License Agreement and a copy of an Agreement of Understanding. IGC affirmed that the License Agreement and Agreement of Understanding, "together with several other agreements between j2 and IGC, form the basis for IGC's breach of contract claims." (Doc. 139 at 23.) Indeed, the Agreement of Understanding is expressly integrated into the License Agreement. (*See* License Agreement, Doc. 134-2 § 8.10.)

The Court dismissed IGC's breach of contract claims based on the License Agreement and Agreement of Understanding. This dismissal involved the review of several contractual provisions, including a Covenant Not to Sue found within the Agreement of Understanding. The Court found that according to the plain language of the Agreement of Understanding, the Covenant Not to Sue and similar warranties made by j2 were limited to claims "arising from IGC's *past* relationship with the other parties to the contract, rather than *all* claims arising from IGC's services or equipment." (Doc. 139 at 26.) The Court ordered dismissal because the instant lawsuit was filed approximately six years after the License Agreement was executed on June 30, 2000, and thus fell outside the scope of the Covenant Not to Sue.

IGC now seeks to amend its counterclaims to include a breach of contract count that is essentially indistinguishable from what the Court dismissed in 2011. IGC is pursuing damages for the breach of the Release and Covenant Not to Sue in this case. (Doc. 227 at 4.) IGC attempts to distinguish this new claim, arguing

3

that its 2011 claim was limited to a breach of the License Agreement, and that it is only now seeking to add a claim for the breach of the Covenant Not to Sue within the Agreement of Understanding.  (Doc. 227 at 3.)  Furthermore, IGC contends that the procedural context of the Court's 2011 ruling supports amendment.  IGC argues that the Court received and considered the Agreement of Understanding after briefing was essentially complete on the underlying motion to dismiss.  (*Id.* at 15.)  IGC states that it was never given the opportunity to file briefing on whether it stated a claim for breach of the Covenant Not to Sue currently at issue and argues this supports its amendment.  (*Id.*)

In its September 1, 2011 Order, the Court acknowledged the limited briefing available on the Agreement of Understanding.  (Doc. 139 at 28 n.10.)  The Court ordered dismissal of IGC's breach of contract claim only after carefully considering the argument and evidence before it and drawing all possible inferences in favor of IGC.  In addition, the Court explicitly authorized a 14-day period for IGC to re-plead its claim if it "believ[ed] in good faith that a sufficient factual basis exists for . . . its breach of contract claim."  (Doc. 139 at 28.)  IGC declined to renew its allegations within the Court-ordered 14-day period.  Nor did IGC move for reconsideration of the Court's decision.

Under these circumstances, the Court finds undue delay in IGC's Motion.  The Court afforded IGC the express opportunity to re-plead its breach of contract claim back in 2011.  IGC does not identify any new legal or factual developments that explain its delay, save for its favorable decisions against j2 in other legal

4

forums.[1]  (Doc. 227 at 3-4.)  This simply cannot provide a basis for waiting two and a half years to revisit an Order of this Court.  Accordingly, IGC's Motion to Amend [Doc. 227] is **DENIED**.

It is so **ORDERED** this 30th day of April, 2014.

_____
**Amy Totenberg**
**United States District Judge**

---

[1] IGC argues that discovery obtained during the course of two related cases in California speaks to the merit of its claim.  (Doc. 227 at 11.)  However, the one specific example of relevant evidence offered by IGC is equivocal: a past CEO of j2 remarked "I think it's fair to say that at the time we were not precluding IGC from having the right at that time to not be in the fax services business," in the context of a license agreement for IGC's technology.  (Doc 227 at 11-12.)  In any event, IGC does not argue that the discovery from the California cases was necessary to renew its allegations, or otherwise explains its delay in this case.